# EXHIBIT 1



**null / ALL**
**Transmittal Number: 32605663**
**Date Processed: 11/03/2025**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Bridget Peterson<br>Inspire Brands, Inc.<br>3 Glenlake Pkwy<br>Fl 5<br>Atlanta, GA 30328-3584 |
| **Electronic copy provided to:** | Brad Orschel<br>Derek Ensminger<br>John Hopkins<br>Matthew Becker |

| | |
|---|---|
| **Entity:** | Blazin Wings, Inc.<br>Entity ID Number  2654685 |
| **Entity Served:** | Blazin Wings, Inc. |
| **Title of Action:** | Marc Loman vs. Blazin Wings, Inc. D/B/A Buffalo Wild Wings Grill & Bar |
| **Matter Name/ID:** | Marc Loman vs. Blazin Wings, Inc. (17099032) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Prince William County Circuit Court, VA |
| **Case/Reference No:** | CL25010982-00 |
| **Jurisdiction Served:** | Virginia |
| **Date Served on CSC:** | 11/03/2025 |
| **Answer or Appearance Due:** | 21 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Mcclanahan Powers, PLLC<br>703-520-1326 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

SERVE THIS COPY

# COMMONWEALTH OF VIRGINIA



## SUMMONS – CIVIL ACTION
RULE 3:5; VA. CODE § 8.01-2

Case No. CL25010982-00

PRINCE WILLIAM ........................................................................................................... Circuit Court

9311 LEE AVENUE, ROOM 314, MANASSAS 20110-
ADDRESS

TO:

BLAZIN WINGS INC., CORPORATION SERVICE COMPANY

100 SHOCKOE SLIP, FLOOR 2

RICHMOND, VA 23219-

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia.

OCTOBER 27, 2025
DATE

SMITH, JACQUELINE C _____ Clerk

by  /S/ FRECHE, SUSAN
DEPUTY CLERK

Instructions:


Hearing Official: ..........................................................................

FORM CC-1400 MASTER 10/13

Uploaded: 2025OCT27 14:04 Filed By:Bar# 81208 DMCCLANAHAN Reference: EF-184340
eFiled: 2025OCT27 PRINCE WILLIAM CC SFRECHE at 2025OCT27 15:31 CL25010982-00

**V I R G I N I A :**

### IN THE CIRCUIT COURT FOR PRINCE WILLIAM COUNTY

|  |  |  |
|---|---|---|
| MARC LOMAN | : | |
| | : | |
| and | : | |
| | : | |
| NATASHA LOMAN | : | |
| | : | |
| *Plaintiffs,* | : | |
| | : | |
| v. | : | Case No.: |
| | : | |
| BLAZIN WINGS, INC. | : | |
| d/b/a BUFFALO WILD WINGS GRILL & BAR | : | |
| (STAFFORD CO) | : | |
| Please serve: R/A Corporation Service Company | : | |
| 100 Shockoe Slip, Floor 2 | : | |
| Richmond, Virginia 23219 | : | |
| | : | |
| *Defendant.* | : | |
| | : | |

### COMPLAINT

COMES NOW, Plaintiffs, Marc Loman ("Mr. Loman") and Natasha Loman ("Mrs. Loman") (collectively, the "Lomans" or "Plaintiffs"), by counsel, and moves this Court for judgment against Defendant, Blazin Wings, Inc. d/b/a Buffalo Wild Wings Grill & Bar (Stafford Co) ("BWW" or "Defendant"), on the grounds and praying for the relief hereinafter set forth:

### PARTIES

1. Plaintiff, Marc Loman, is a resident of the Commonwealth of Virginia, residing at 2214 River Birch Road in Dumfries, Virginia. Mr. Loman is the husband of Mrs. Loman.

2. Plaintiff, Natasha Loman, is a resident of the Commonwealth of Virginia, residing at 2214 River Birch Road in Dumfries, Virginia. Mrs. Loman is the wife of Mr. Loman.

1

3. Defendant, Blazin Wings, Inc. d/b/a Buffalo Wild Wings Grill &.Bar (Stafford Co) is a corporation organized under the laws of Minnesota and licensed to do business in the Commonwealth of Virginia by the State Corporation Commission. BWW's principal office is located a 3 Glenlake Parkway in Atlanta, Georgia.

## JURISDICTION AND VENUE

4. The cause of action raised in this Complaint arose in Prince William County, Virginia. Venue is proper in this Court pursuant to Va. Code §§ 8.01-262(3), (4), and (10).

5. Jurisdiction is proper in this Court pursuant to Va. Code §§ 8.01-328.1(1) and (3).

## STATEMENT OF FACTS

6. In the early morning hours of November 2, 2024, the Lomans visited the Buffalo Wild Wings location at 14466 Potomac Mills Road in Woodbridge, Virginia ("Store #280").

7. Store #280 is operated by Defendant, BWW.

8. While visiting Store #280, the Lomans placed an order with the manager on duty, an employee of BWW (the "Employee"). The Employee did not ask for the Lomans' names when taking their order.

9. The Lomans received their food, ate, and took the leftovers home.

10. Later in the day on November 2, 2024, the Lomans discovered that the Employee had entered in "nigs" as the name for their order.

11. "nigs" was written on both the bag and the receipt for the Lomans' order.

12. Mr. Loman and Mrs. Loman are both African American.

13. "nigs" is a shortened version of a hateful racial epithet referring to African Americans, "ni\*\*ers."

14. Directing hateful and racist language towards any person has the potential to cause deep psychological harm, but "nigs" was especially painful for Mr. Loman—a disabled veteran from the Deep South, who has been subjected to racial animus and harassment in the past.

15. Upon discovering a clear racial slur and hate speech on their order, the Lomans immediately contacted BWW.

16. On November 3, 2024, BWW's Vice President of Northern Operations called the Lomans (the "VP").

17. The VP admitted to the Lomans that the Employee—a kitchen manager at Store #280—had intentionally placed the racial slur on their order.

18. The VP also informed the Lomans that BWW fired the Employee as a result of the incident.

## COUNT I
### Civil Action for Racial, Religious, or Ethnic Harassment, Violence, or Vandalism
### Va. Code § 8.01-42.1

19. Plaintiffs restate, re-plead, and incorporate by reference each and every allegation set forth above as if fully set forth herein.

20. At all relevant times, the Employee was employed by BWW as a kitchen manager.

21. The Employee was acting within the scope of her employment when she entered "nigs" as the Lomans' order name.

22. Pursuant to Va. Code § 8.01-42.1, "an action for injunctive relief or civil damages, or both, shall lie for any person who is subjected to acts of . . . intimidation or harassment . . . motivated by racial . . . or ethnic animosity."

23. BWW subjected the Lomans to harassment motivated by racial and ethnic animosity through the actions of its Employee.

24. The language used by BWW's Employee reopened deep emotional wounds for Mr. Loman as the action was reminiscent of the pervasive, brutalizing, and degrading racism that traumatized Mr. Loman while growing up in the Deep South.

25. As a direct and proximate result of BWW's actions, the Lomans suffered severe emotional distress, pain, and suffering.

26. Mr. Loman missed work and sought counseling as a result of BWW's actions.

27. As a further result of BWW's actions, the Lomans incurred damages in the amount of $1,000,000.00.

28. BWW acted under circumstances amounting to a reckless, willful, and wanton disregard of the Lomans' rights that justify the imposition of punitive damages within the jurisdictional limits of this Court.

29. The Lomans are entitled to pre- and post-judgment interest, costs, and reasonable attorney's fees. *See* Va. Code § 8.01-42.1(B).

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor in the amount of $1,000,000.00, plus punitive damages in the amount of $350,000.00, plus court costs, pre-judgment interest, post-judgment interest, and attorney's fees, pursuant to Va. Code § 8.01-42.1(B).

## COUNT II
### Violation of the Virginia Consumer Protection Act
### Va. Code §§ 59.1-196, *et seq.*

30. Plaintiffs restate, re-plead, and incorporate by reference each and every allegation set forth above as if fully set forth herein.

4

31. At all relevant times, the Employee was employed by BWW as a kitchen manager.

32. The Employee was acting within the scope of her employment when she entered "nigs" as the Lomans' order name.

33. The Virginia Consumer Protection Act at Va. Code § 59.1-200(A)(11) prohibits "[misrepresentations] by the use of any written or documentary material that appears to be an invoice or bill for merchandise or services previously ordered."

34. Further, the Virginia Consumer Protection Act at Va. Code § 59.1-200(A)(14) prohibits "[u]sing any other deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction."

35. The Lomans, in a consumer transaction, purchased food from BWW on November 2, 2024, only to discover that the Employee had intentionally changed their name to "nigs" on the bill for the Lomans' order.

36. In intentionally misrepresenting the Lomans' name as "nigs" on their order receipt, BWW violated §§ 59.1-200(A)(11) and (14) of the Virginia Consumer Protection Act.

37. As a direct and proximate result of BWW's actions, the Lomans suffered severe emotional distress, pain, and suffering.

38. Mr. Loman missed work and sought counseling as a result of BWW's actions.

39. As a further result of BWW's actions, the Lomans incurred damages in the amount of $1,000,000.00.

40. BWW acted under circumstances amounting to a reckless, willful, and wanton disregard of the Lomans' rights that justify the imposition of treble damages. *See* Va. Code § 59.1-204(A).

5

41. The Lomans are entitled to pre- and post-judgment interest, costs, and reasonable attorney's fees. *See* Va. Code § 59.1-204(B).

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor in the amount of $1,000,000.00, with such amount trebled to $3,000,000.00, plus court costs, pre-judgment interest, post-judgment interest, and attorney's fees, pursuant to Va. Code §§ 59.1-204(A)-(B).

### COUNT III
### Intentional Infliction of Emotional Distress

42. Plaintiffs restate, re-plead, and incorporate by reference each and every allegation set forth above as if fully set forth herein.

43. At all relevant times, the Employee was employed by BWW as a kitchen manager.

44. The Employee was acting within the scope of her employment when she entered "nigs" as the Lomans' order name.

45. A plaintiff may recover for emotional distress alone when (i) the defendant's conduct was intentional or reckless, (ii) the defendant's conduct was "outrageous and intolerable in that it offends against generally accepted standards of decency and morality," (iii) the defendant's conduct caused the plaintiff's emotional distress, and (iv) the emotional distress was severe. *Womack v. Eldridge*, 215 Va. 388, 342 (1974).

46. Here, the Employee intentionally replaced the Lomans' name with "nigs" on their order, as BWW admitted to the Lomans.

47. The Employee knew, or should have known, that referring to the Lomans by a shortened version of a well-known racial slur was likely to result in emotional distress.

48. Replacing a person's name with hateful and dehumanizing language offends against our society's "generally accepted standards of decency and morality," so much so that the

Virginia Code provides a cause of action related to racial harassment. *See* Va. Code §
8.01-42.1.

49. As a direct and proximate result of BWW's actions, the Lomans suffered severe
    emotional distress, pain, and suffering.

50. For Mr. Loman in particular, experiencing this type of racially-motivated harassment at
    BWW's restaurant reminded him of the pervasive, brutalizing, and degrading racism that
    traumatized him while growing up in the Deep South.

51. As a result of BWW's actions, Mr. Loman missed work and sought counseling for the
    severe emotional distress he was experiencing.

52. As a further result of BWW's actions, the Lomans incurred damages in the amount of
    $1,000,000.00.

53. BWW acted under circumstances amounting to a reckless, willful, and wanton disregard
    of the Lomans' rights that justify the imposition of punitive damages within the
    jurisdictional limits of this Court.

54. The Lomans are entitled to pre-judgment interest, post-judgment interest, and costs
    associated with this action.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their
favor in the amount of $1,000,000.00, plus punitive damages in the amount of $350,000.00, plus
court costs, pre-judgment interest, and post-judgment interest.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of
Plaintiffs and against Defendant, and:

A. Award Plaintiffs damages in the amount of $5,000,000.00;

7

B.  Award Plaintiffs punitive damages in the amount of $350,000.00 pursuant to Counts I and III;

C.  Award Plaintiffs their attorney's fees pursuant to Va. Code §§ 8.01-42.1(B) and 59.1-204(B);

D.  Award Plaintiffs their court costs, pre-judgment interest, and post-judgment interest; and

E.  Grant such further relief as this Court determines just and proper.

Respectfully submitted,

**Marc Loman**
**Natasha Loman**
By counsel:

Dirk McClanahan, Esq. (VSB No. 81208)
Robyn Reinhardt, Esq. (VSB No. 101171)
McClanahan Powers, PLLC
3160 Fairview Park Drive, Suite 410
Falls Church, Virginia 22042
T: (703) 520-1326
F: (703) 828-0205
E: dmcclanahan@mcplegal.com
  rreinhardt@mcplegal.com
*Counsel for Plaintiffs*

8